[No. 1352-3.   Division Three.   March 26, 1976.]

CHERRE SPIES, *Appellant*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Gerald R. Fuller* of *Grant-Adams County Legal Services,* for appellant.

*Slade Gorton, Attorney General,* and *James M. Murphy, Assistant,* for respondent.

MUNSON, J.—Cherre Spies appeals from the trial court's affirmance of a decision of the Department of Social and Health Services which denied her day care (babysitting) benefits because she was enrolled in a 4-year academic program rather than a 2-year vocational program. We affirm.

RCW 74.12.340[1] authorizes the department to promulgate rules and regulations governing the provisions of day care as part of the child welfare services. The department, in an effort to assist "some unemployed persons to obtain employment," determined it would provide day care services up to 24 months while these persons were undertaking vocational training. WAC 388-22-030(73);[2] WAC 388-57-028.[3] Mrs. Spies, who was divorced at the time of this

---

[1]RCW 74.12.340:

"The department is authorized to promulgate rules and regulations governing the provision of day care as a part of child welfare services when the secretary determines that a need exists for such day care and that it is in the best interests of the child, the parents, or the custodial parent and in determining the need for such day care priority shall be given to geographical areas having the greatest need for such care and to members of low income groups in the population: *Provided,* That where the family is financially able to pay part or all of the costs of such care, fees shall be imposed and paid according to the financial ability of the family."

[2]WAC 388-22-030(73):

" 'Vocational Training' means an organized curriculum in school or training unit or an organized training program under recognized sponsorship with a specific vocational training objective and will take no more than two years to complete."

[3]WAC 388-57-028:

"(1) It is the objective of the department to assist some unemployed persons to obtain employment which is within their capacity to perform as soon as possible. When training is the most appropriate method of fulfilling this objective, the department may support up to 24 continuous months of vocational training as defined in WAC 388-22-030(73). The 24 months shall not include the time necessary to acquire

action, had a 2-year-old child; her sole income was derived from public assistance (AFDC). She meets all the requirements for day care assistance but was denied this benefit because she was enrolled in a 4-year academic program.

Appellant contends: (a) The provisions of the Washington Administrative Code are inconsistent with the implementation statute (RCW 74.12.340); (b) they are inconsistent with the federal regulation found in 45 C.F.R. § 233.10(a)(1) (1975);[4] and (c) her denial was arbitrary, capricious, and violative of the equal protection clause of the fourteenth amendment to the United States Constitution.

■■ The contention of inconsistency between the state statute and the state regulations is not well taken. The administrative regulations are within the authorization and serve to implement the directive of the legislature.

Likewise, the alleged inconsistency between the federal regulation and the Washington administrative regulations is not well taken. Pursuant to the federal regulation, the

---

a general educational development certificate or high school diploma prior to enrollment in a vocational program.

"(2) With the exception of work incentive program training plans, the local office must make a decision approving or disapproving a vocational training plan when an applicant or recipient requests child care or other supplemental payments.

" . . .

"(4) The local office shall not approve a training plan when

"(a) The plan requires more than 24 continuous calendar months to meet the objective stated in subsection (1), or

"(b) The plan does not meet the definition of vocational training as stated in WAC 388-22-030(73)."

[4] 45 C.F.R. § 233.10(a)(1) (1975):

"(a) *State plan requirements.* A State plan under title I, IV-A, X, XIV, or XVI, of the Social Security Act must:

"(1) Specify the groups of individuals, based on reasonable classifications, that will be included in the program, and all the conditions of eligibility that must be met by the individuals in the groups. The groups selected for inclusion in the plan and the eligibility conditions imposed must not exclude individuals or groups on an arbitrary or unreasonable basis, and must not result in inequitable treatment of individuals or groups in the light of the provisions and purposes of the public assistance titles of the Social Security Act. Under this requirement: . . ."

only requirement is that the classification be reasonable and not exclude persons on an arbitrary basis. We find the classification is not arbitrary, but is reasonable, as noted below.

Appellant contends that the classification restriction of 2 years in vocational training as opposed to those who seek 4-year academic degrees is arbitrary and capricious and in violation of the equal protection clause of the United States Constitution. The State contends that the purpose of the classification is to protect the fiscal integrity of the monies appropriated by the legislature to the department while extending maximum benefits to the broadest segment of recipients within the intent of the federal statutes and regulations. We agree with the State's view.

In *DeFunis v. Odegaard*, 82 Wn.2d 11, 31, 507 P.2d 1169 (1973), the court stated:

> Generally, when reviewing a state-created classification alleged to be in violation of the equal protection clause of the Fourteenth Amendment, the question is whether the classification is reasonably related to a legitimate public purpose. And, in applying this "rational basis" test "[A] discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*, 366 U.S. 420, 426, 6 L. Ed. 2d 393, 81 S. Ct. 1101 (1961).

As noted in *Dandridge v. Williams*, 397 U.S. 471, 485, 25 L. Ed. 2d 491, 501, 90 S. Ct. 1153 (1970):

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." . . . "The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific." . . . "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

(Citations omitted.) *Cf. San Antonio Independent School*

*Dist. v. Rodriguez,* 411 U.S. 1, 36 L. Ed. 2d 16, 93 S. Ct. 1278 (1973); *Ortwein v. Schwab,* 410 U.S. 656, 35 L. Ed. 2d 572, 93 S. Ct. 1172 (1973). Although the United States Supreme Court vacated judgment in *Jefferies v. Sugarman,* 345 F. Supp. 172 (S.D.N.Y. 1972), for further consideration in light of *Hagans v. Lavine,* 415 U.S. 528, 39 L. Ed. 2d 577, 94 S. Ct. 1372 (1974) (*Jefferies v. Sugarman,* 420 U.S. 916, 43 L. Ed. 2d 386, 95 S. Ct. 1106 (1975)), we adopt the language of *Jefferies v. Sugarman,* 345 F. Supp. 172, 175 (1972):

> By now it is well settled that legislative classifications in the welfare area are not subject to the rule requiring "strict scrutiny." . . . Applying this standard to the case at hand, we cannot find that the "academic-vocational" distinction embodied in New York's welfare practices violates the equal protection clause. . . .
>
> . . . However, it is clear that the distinction is based upon the state's desire to use its limited welfare funds to secure at least some useful training to a larger number of people, and not to assist persons whose education has gone beyond a certain point. We cannot say that such a policy is irrational. It is true that there is dictum in *Townsend v. Swank,* 404 U.S. 282, 291-292, 92 S.Ct. 502, 30 L.Ed.2d 448 and n. 8 (1971) that might be thought to be contrary, but at least as applied to these facts it is entitled to little or no weight.

Judgment is affirmed.

McINTURFF, C.J., and GREEN, J., concur.